## MOORSHEAD et al. v. FIDELITY & CASUALTY CO. OF NEW YORK.

### Civ. A. No. 1293.

District Court, E. D. Pennsylvania.

Nov. 25, 1941.

H. E. Potter and Herman H. Krekstein, both of Philadelphia, Pa., for plaintiffs.

Walter B. Gibbons and George F. Blewett, both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action by the receivers of an insolvent corporation to recover upon the fidelity bond of one of its officers and employees. The complaint alleges that on a number of occasions the officer covered by the fidelity bond, with the assistance and connivance of another, "did dishonestly take, withdraw and convert to his own use" certain funds, itemizing the amounts, on specified dates; that he did dishonestly take, withdraw and convert to his own use additional funds, setting forth the amounts and dates, over and above the salary and expenses to which he was entitled, with the knowledge that he was insolvent and unable to replace or repay the same and without any intention of doing so; and that he unlawfully pledged securities owned by customers of the corporation, thereby raising the funds which were the source of a "great portion" of the funds withdrawn by him and converted to his own use. The complaint further alleges that the defendant insurance company was notified of the loss by the receiver on or about March 6, 1940, the date "on which the said loss was first discovered."

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, defendant filed a motion for a bill of particulars on the ground that the matters complained of were not averred with sufficient particularity to enable it to prepare its responsive pleading.

With respect to the allegation that the bonded employee did withdraw and convert certain funds to his own use, defendant seeks further particulars as to whom "the said payments were made" and "the circumstances of the payments". In my opinion the allegation that the employee withdrew such funds, set forth in detail as to amounts and dates, and converted them to his own use is entirely sufficient for the purpose of enabling the defendant to prepare a responsive answer. It is unnecessary for a plaintiff to plead the evidence on which he relies, and the allegations in the complaint as to this matter are a proper statement of the ultimate facts on which the action is based.

Defendant also complains that there is no allegation in the complaint justifying, or attempting to justify, the failure to give any notice to the defendant of the claim before March 6, 1940, although the complaint discloses an alleged conversion as early as July 1, 1938. Defendant also points out that there is no allegation that other officers or directors were unaware of the occurrences on which the claim is based. Apart from the fact that the complaint does state that notice to the defendant was given upon the same day that the loss was first discovered, it is clear that this is not a question calling for further particulars. If plaintiff has failed to plead matters which defendant deems essential to plaintiff's claim, a bill of particulars is not the proper method of raising this question.

Finally, defendant also seeks to discover how much of the funds allegedly converted constitute customers' securities unlawfully pledged since the complaint alleges a "great portion" of the funds allegedly converted were derived from such illegal pledging, together with a description of the securities unlawfully pledged and the names of the owners. Where the funds allegedly converted by the bonded employee came from does not appear to be an essential part of the cause of action to which defendant is entitled to more particulars. Nor are the names of the customers whose securities were pledged and the description of the securities matters essential to be pleaded in a complaint of this nature.

Motion for bill of particulars dismissed.